

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

**CLAAS FINANCIAL SERVICES LLC**
                                                                    **PLAINTIFF**

**vs.**          Case No.: 3:20-CV-00267-JM

**WILKISON EQUIPMENT, LLC and**
**WENDY WILKISON**                                            **DEFENDANTS**

This case assigned to District Judge Moody
and to Magistrate Judge Harris

## PLAINTIFF'S VERIFIED COMPLAINT FOR REPLEVIN
## AND FOR MONEY DAMAGES

COMES the Plaintiff, CLAAS Financial Services LLC, by and through its attorneys, Lax,

Vaughan, Fortson, Rowe & Threet, P.A., and for its Verified Complaint against the Defendants,

states as follows:

## I. PARTIES

1.    Plaintiff CLAAS Financial Services, LLC ("Plaintiff") is a limited liability

company organized and existing under the laws of the state of Delaware with its principal place

of business located in San Francisco, California.  The members of Plaintiff are CLAAS Financial

Services, Inc., a Delaware corporation with its principal place of business in California, and

Bank of the West, a California-chartered bank with its principal place of business in California.

2.    Defendant Wilkison Equipment, LLC (the "Debtor") is a limited liability

company organized and existing under the laws of the state of Arkansas with its principal place

of business located in Cross County, Arkansas.  On information and belief, the members of the

Debtor are Wayne Wilkison and Wendy Wilkison, both residents of Arkansas.

3.    Defendant Wendy Wilkison (the "Guarantor") is an individual who, on information and belief, presently resides in Cleburne County, Arkansas.  The Debtor and Guarantor are referred to collectively herein as "Defendants."

## II.  JURISDICTION AND VENUE

4.    This Court has jurisdiction over the parties and subject matter to this action by virtue of 28 U.S.C. § 1332 in that diversity of citizenship exists between the parties and the amount in controversy exceeds the sum of $75,000.00 exclusive of interest and costs.

5.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because the Debtor resides in this judicial district and 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district and because the property that is the subject of this action is situated in this judicial district.

## III.  FACTUAL ALLEGATIONS

### Equipment Financing Agreement No. 340-*******-001

6.    On or about June 26, 2018, Plaintiff and Debtor entered into Equipment Financing Agreement No. 340-*******-001 (the "First Financing Agreement").  A true and correct copy of the First Financing Agreement is attached hereto as **Exhibit "A"** and incorporated herein by reference.

7.    Pursuant to the First Financing Agreement, Plaintiff financed the Debtor's purchase of the following equipment:

    a.  New CLAAS Lexion 760TT Combine, Serial Number C7900573

    b.  New CLAAS Lexion 760TT Combine, Serial Number C7900574

    c.  New MacDon FD75 Header, Serial Number 332694-18

    d.  New MacDon FD75 Header, Serial Number 325619-18

2

(collectively referred to herein as the "First Financing Agreement Collateral").

8.     On or about June 28, 2018, Plaintiff and the Debtor entered into an Addendum to the First Financing Agreement making the payment terms five (5) annual payments of $239,940.65 due each June beginning June 2019.  A true and correct copy of the Addendum to First Financing Agreement is attached hereto as **Exhibit "B"** and incorporated herein by reference.

9.     Pursuant to the First Financing Agreement, the Debtor granted Plaintiff a purchase money security interest in the First Financing Agreement Collateral, including all substitutions and additions.

10.     Plaintiff properly perfected its purchase money security interest in the First Financing Agreement Collateral by the filing of a financing statement with the Arkansas Secretary of State on June 27, 2018, as Filing No. 40000170971837, a copy of which is attached hereto as **Exhibit "C"** and incorporated herein by reference.

11.     The two Lexion 760TT Combines were subsequently traded, leaving the two MacDon FD75 Headers as the collateral under the First Financing Agreement.

12.     Also on or about June 27, 2018, the Guarantor executed and delivered to Plaintiff a Personal Guaranty (the "First Guaranty"), a true and correct copy of which is attached hereto as **Exhibit "D"** and incorporated herein by reference.  Pursuant to the First Guaranty, the Guarantor guaranteed the payment and performance of the Debtor's obligations to Plaintiff under the First Financing Agreement.

13.     The Debtor defaulted under the terms and conditions of the First Financing Agreement by failing to make the payment due on June 1, 2020 as required by the agreement and because a receivership action has been commenced against the Debtor, the Debtor appears to be

3

insolvent, and Plaintiff has determined in its reasonable judgment that the prospect of payment or other performance by the Debtor is materially impaired.

14.    Because of Debtor's defaults, Plaintiff elected by letter to Defendants dated August 18, 2020 to accelerate the payment of all sums due and declare all amounts due under the First Financing Agreement immediately due and payable. A copy of Plaintiff's demand and notice of acceleration is attached hereto as **Exhibit "E"** and incorporated herein by reference.

15.    Defendants have failed to pay to Plaintiff all sums due under the First Financing Agreement and the First Guaranty.  As of August 18, 2020, the total amount due from Defendants under the First Financing Agreement and the First Guaranty is $126,600.71.

### Equipment Financing Agreement No. 340-*******-002

16.    On or about December 21, 2018, Plaintiff and the Debtor entered into Equipment Financing Agreement No. 340-*******-002 (the "Second Financing Agreement").  A true and correct copy of the Second Financing Agreement is attached hereto as **Exhibit "F"** and incorporated herein by reference.

17.    Pursuant to the Second Financing Agreement, Plaintiff financed the Debtor's purchase of two new 2018 Lexion 760TT Combines bearing the serial numbers C7900778 and C7900781 (collectively referred to herein as the "Second Financing Agreement Collateral").

18.    The Second Financing Agreement required the Debtor to make 5 annual payments of $204,204.30 60 beginning January 24, 2020.

19.    Pursuant to the Second Financing Agreement, the Debtor granted Plaintiff a purchase money security interest in the Second Financing Agreement Collateral, including all substitutions and additions.

4

20.   Plaintiff properly perfected its purchase money security interest in the Second Financing Agreement Collateral by the filing of a financing statement with the Arkansas Secretary of State on January 2, 2019, as Filing No. 40000180317448, a copy of which is attached hereto as **Exhibit "G"** and incorporated herein by reference.

21.   Also on or about December 21, 2018, the Guarantor executed and delivered to Plaintiff a Personal Guaranty (the "Second Guaranty"), a true and correct copy of which is attached hereto as **Exhibit "H"** and incorporated herein by reference.  Pursuant to the Second Guaranty, the Guarantor guaranteed the payment and performance of the Debtor's obligations to Plaintiff under the Second Financing Agreement.

22.   The Debtor is in default under the terms and conditions of the Second Financing Agreement by failing to make timely payments as required by the First Financing Agreement, because a receivership action has been commenced against the Debtor, the Debtor appears to be insolvent, and because Plaintiff has determined in its reasonable judgment that the prospect of payment or other performance by the Debtor is materially impaired.  Because of the Debtor's defaults, Plaintiff elected by letter to Defendants dated August 18, 2020 to accelerate the payment of all sums due and declare all amounts due under the Second Financing Agreement immediately due and payable. A copy of Plaintiff's demand and notice of acceleration is attached hereto as **Exhibit "E"** and incorporated herein by reference.

23.   Defendants have failed to pay to Plaintiff all sums due under the Second Financing Agreement and the Second Guaranty.  As of August 18, 2020, the total amount due from Defendants under the Second Financing Agreement and the Second Guaranty is $924,891.29.

24.    The First Financing Agreement and the Second Financing Agreement are referred to herein collectively as the "Financing Agreements."   The First Guaranty and the Second Guaranty are referred to herein collectively as the "Guaranties."   The MacDon FD75 Header, Serial Number 332694-18, MacDon FD75 Header, Serial Number 325619-18, 2018 Lexion 760TT Combine, Serial Number C7900778, and the 2018 Lexion 760TT Combine, Serial Number C7900781 are referred to herein collectively as the "Equipment."

## CLAIMS FOR RELIEF

### COUNT I
### BREACH OF CONTRACT
### (Financing Agreements)

25.    Plaintiff incorporates all of the allegations contained in paragraphs 1 through 24 herein, as if set forth word for word.

26.    As alleged herein, the Debtor has defaulted under the terms of the Financing Agreements by failing to make the payments due thereunder as more specifically described above.

27.    Although demand has been made upon the Debtor to pay the sums due under the Financing Agreements, the Debtor has failed to do so.

28.    Plaintiff has done all things required of it under the Financing Agreements.

29.    The Debtor's failure to pay the sums due under the Financing Agreements constitutes a breach of the Financing Agreements.

30.    Plaintiff seeks damages for the Debtor's breach of the Financing Agreements in the aggregate amount of $1,051,492.00 as of August 18, 2020 for amounts due under the Financing Agreements, plus reasonable attorneys' fees and costs incurred herein, as provided in the Financing Agreements.

6

## COUNT II
## BREACH OF CONTRACT
### (Guaranties)

31.    Plaintiff incorporates all of the allegations contained in paragraphs 1 through 30 herein, as if set forth word for word.

32.    Pursuant to the Guaranties, and as a result of the default of the Debtor under the Financing Agreements as alleged herein, the Guarantor is obligated to pay the amounts due and owing under the Financing Agreements.

33.    The Guarantor is indebted to Plaintiff in the amount of $1,051,492.00 as of August 18, 2020 for amounts due under the Financing Agreements, plus reasonable attorneys' fees and costs incurred herein, as provided in the Financing Agreements and the Guaranties.

34.    Demand has been made, and is made by this Complaint, on the Guarantor to pay the sums due pursuant to the Guaranties, but the Guarantor has failed to perform her obligations thereunder.

35.    Plaintiff seeks damages for the Guarantor's breach of the Guaranties in the amount of $1,051,492.00 as of August 18, 2020 for amounts due from the Debtor under the Financing Agreements, plus reasonable attorneys' fees and costs incurred herein, as provided in the Financing Agreements and the Guaranties.

## COUNT III
## REPLEVIN

36.    Plaintiff incorporates all of the allegations contained in paragraphs 1 through 35 herein, as if set forth word for word.

37.    Plaintiff seeks an order of replevin to protect and recover the Equipment.

7

38.    Pursuant to the Financing Agreements, Plaintiff holds a purchase money security interest in the Equipment. The Equipment is specifically described by serial number and other descriptive features in Paragraphs 7 and 17 above.

39.    Plaintiff has done all things necessary to establish the priority of its purchase money security interest in the Equipment pursuant to Ark. Code Ann. § 4-9-324.

40.    As a result of the defaults under the Financing Agreements, Plaintiff is entitled to immediate possession of the Equipment pursuant to its security interest in the Equipment.

41.    The Equipment in the Debtor's possession or control is being wrongfully detained by the Debtor.

42.    The Equipment has not been taken for a tax or fine against the Debtor, or under any order or judgment of a court against the Debtor, or seized under an execution or attachment against the Debtor's property.

43.    Plaintiff's claims have accrued within three (3) years hereof.

44.    Plaintiff's right to possession of the Equipment is superior to any right asserted, or that could be asserted by the Debtor or any other defendant herein.

45.    By reason of the foregoing, Plaintiff is entitled to the issuance of an Order of Delivery requiring the Debtor, or any persons possessing the Equipment with the permission of the Debtor, to turn over possession, custody, and control of the Equipment to Plaintiff.

46.    Plaintiff seeks, pursuant to Ark. Code Ann. § 18-60-808, an order of the Court finding that Plaintiff is entitled to immediate possession of the Equipment, and ordering the Debtor to deliver the Equipment to Plaintiff, and directing the United States Marshall to take the Equipment and deliver it to Plaintiff.

8

47.    Upon issuance of a Notice by the Clerk of this Court, Plaintiff will serve upon the Debtor a Notice conforming to Ark. Code Ann. § 18-60-808.

48.    If the Debtor fails to file a written objection within five (5) days of service upon it, an Order of Delivery should be entered that possession of the Equipment be delivered to Plaintiff.  If a written objection is timely filed, Plaintiff requests that a hearing be set at the Court's earliest convenience pursuant to Ark. Code Ann. § 16-60-808.

WHEREFORE, Plaintiff CLAAS Financial Services LLC respectfully requests that the Court afford it the following relief:

a.    Entry of an Order of Delivery granting Plaintiff immediate possession of the Equipment, and directing the United States Marshall to take the Equipment and deliver it to Plaintiff, so that it can be disposed of in accordance with the Uniform Commercial Code;

b.    Entry of a judgment against Defendants Wilkison Equipment, LLC and Wendy Wilkison, jointly and severally, in the amount of $1,051,492.00 as of August 18, 2020 for amounts due under the Financing Agreements, plus pre and post-judgment interest, plus reasonable attorneys' fees and costs incurred herein, all as provided in the Financing Agreements;

c.    An award to Plaintiff of its costs and attorneys' fees; and

d.    All other just and proper relief to which Plaintiff may show itself entitled.

Respectfully submitted,

Grant E. Fortson
Ark. Bar No. 92148
LAX, VAUGHAN, FORTSON,
  ROWE & THREET, P.A.
11300 Cantrell Road, Suite 201
Little Rock, Arkansas 72212
Telephone: (501) 376-6565
E-mail:  gfortson@laxvaughan.com

*Attorneys for CLAAS Financial
Services LLC*

10

## VERIFICATION

STATE OF NEBRASKA                )
                                               )
COUNTY OF ___Douglas___      )

    Personally appeared before me, the undersigned authority, Robin S. Oberg, who makes oath that he is a Vice President of Bank of the West, which is a member of CLAAS Financial Services LLC; that he has read the foregoing complaint; and that the allegations of fact therein made are true and correct of his own knowledge, except those made on information and belief and these he believes to be true.

                                            Robin S. Oberg

    SWORN TO AND SUBSCRIBED before me, a notary public, on this _27_ day of August, 2020.

                                            Notary Public

My commission expires:

_12/22/2021_

> KYLE LYNCH
> General Notary – State of Nebraska
> My Commission Expires Dec 22, 2021

11



CLAAS
FINANCIAL
SERVICES

**EQUIPMENT FINANCING AGREEMENT NO. 340-▊▊▊-001**

**DEBTOR:** WILKISON EQUIPMENT, LLC
1784 HWY 1
WYNNE, AR 72396

**SUPPLIER:** MIRTECH HARVEST CENTER, INC.
3402 WILLOW ROAD
JONESBORO, AR 72404

**PHONE:** 870-588-1383

**PHONE:** 870-588-6056

**EQUIPMENT: See Exhibit A attached hereto**

**PAYMENT TERMS:**

| | |
|---|---|
| Principal Amount: | $1,018,945.27 |
| Commencement Date of Agreement: | 7 / 1 / 18 (To be filled in by us per Section 2 below) |
| Financing Term (number of months): | 56, plus any extension and renewal periods |
| Number of Payments due in advance: | 0 (First and Last 0) |
| Monthly Payment Amount: | (5) annual payments of $236,572.06 due each March, beginning March 2019 |
| Implicit Interest Rate: | 5.87% |

*MAY 30 ?*

### TERMS AND CONDITIONS

This equipment financing agreement (the "Agreement") has been written in plain English. The words "you" and "your" herein refer to the Debtor listed above. The words "we", "us" and "our" refer to CLAAS Financial Services, LLC as Lender. All other capitalized terms used herein shall have the meaning ascribed to them as listed above.

**1. Purpose of Financing.** This transaction is entered into for the purpose of financing your purchase of certain equipment (and applicable software, if any) (the "Equipment") from the Supplier, as described on the attached Exhibit A. You hereby authorize Supplier to provide us with the invoice for the Equipment and you authorize us to pay Supplier's invoice upon your receipt of the Equipment. Our act of paying Supplier's invoice for the Equipment shall constitute the funding of this transaction under the terms of this Agreement.

**2. Term and Payment.** For value received, you promise to pay to us the Principal Amount listed above plus interest, to be paid in installments ("Payments") according to the Payment Terms shown above. Any payments shown above as required in advance shall be due before we fund this transaction. Subsequent payments shall become due on a consecutive payment period basis thereafter starting on the 1st day of each month after funding this transaction if funded on the 1st through the 14th day of the month or starting on the 15th day of each month if funded on the 15th through the 24th day of the month or starting on the 1st of the following month if funded on the 25th through the last day of each month. All Payments shall be applied first to interest and then to principal.

**3. Disclaimer of Warranties.** This Equipment and the Supplier of the Equipment have been selected by you based on your own judgment. By executing this Agreement, you request us to order the Equipment, arrange for its delivery to you and pay for the Equipment upon your receipt of it. You acknowledge that we do not manufacture, deliver or install the Equipment and we do not represent the Supplier(s) of the Equipment. **WE MAKE NO WARRANTIES, EXPRESS OR IMPLIED, INCLUDING THE MERCHANTABILITY AND PERFORMANCE OF THE EQUIPMENT OR THE EQUIPMENT'S FITNESS FOR A PARTICULAR PURPOSE OR ITS COMPLIANCE WITH APPLICABLE LAW. WE MAKE NO WARRANTY OF TITLE TO ANY SOFTWARE, SOFTWARE LICENSES AND/OR THE RIGHT TO USE ANY SOFTWARE.** You agree not to make any claim for any reason against us for consequential damages. You acknowledge you have been advised that you may have rights against the Supplier(s) and that you should contact each Supplier for a description of any such rights.

**4. Noncancellable Agreement.** This Agreement cannot be canceled and you agree that all of your obligations are absolute and unconditional.

**5. Governing Law.** You agree that this Agreement shall be governed by the laws of the State of California. You agree that any litigation, related to or arising from this Agreement, may be brought in the City and County of San Francisco, California and you consent to personal jurisdiction in either state or federal court.

**6. Agency.** You agree that no salesperson or representative of any manufacturer or Supplier is acting on behalf of us and/or can bind us in any way.

**7. Late Charges.** Time is of the essence. If any Payment or other amount due under this Agreement is not paid in full within 10 days after its due date, you agree to promptly pay a late charge of 5% of the past due amount, subject to a $25 minimum, for those amounts under 30 days past due, plus interest on any amounts over 30 days past due at the rate of 1.5% per month. However, you acknowledge that it is not your intent to charge any rate hereunder that exceeds the maximum allowed under law. Should any rate charged hereunder be found by court of competent jurisdiction to exceed such maximum, then in that event only, such rate will be reduced to the legally permitted maximum rate and any excessive charges or amounts paid by you, above what you would have paid as per the legally permitted maximum rate, will be applied as a credit to the remaining balance of your obligations to us.

**8. Equipment Maintenance.** You are responsible, at your expense, to maintain the Equipment in good working order. If any Equipment is damaged, missing or does not work satisfactorily for any reason, you agree to continue to pay all Payments when they become due.

**9. Indemnity.** You agree that we are not responsible for any losses or injuries caused by or relating to the Equipment. You agree to indemnify us for and, at our option and your expense, defend us against any claims, suits and actions, including negligence and strict liability, whenever made for losses or injuries, including court costs and legal expenses, related to the Equipment.

**10. Taxes and Fees.** You agree to pay when due, either directly or to us upon our demand, any taxes, filing fees, license fees, interest and penalties relating to this Agreement and the Equipment. If we pay any of these amounts you agree to reimburse us upon demand and pay to us a service charge. You agree to pay to us a documentation fee to cover our costs of preparing this Agreement. You shall pay to us a fee for every check or other form of payment that is returned to us as unpaid by your bank.

**11. Risk of Loss.** You are responsible for any loss or damage to the Equipment and/or caused by the Equipment. You agree to immediately notify us of any such losses or damages and of any insurance claims pertaining to the Equipment. If the Equipment is missing, stolen or damaged, you will, at our option and at your expense, promptly repair the Equipment to our satisfaction, replace the Equipment with equipment of equal purpose and value or pay to us any default remedies described under Section 14 in this Agreement.

**12. Insurance.** At your expense you agree to keep the Equipment fully insured against loss until your obligations under this Agreement are paid in full, with Lender named as loss payee. You also agree to obtain a public liability insurance policy that is acceptable to us and to include us as an insured on that policy. You

**EXHIBIT A**

EQUIPMENT   ¡ANCING AGREEMENT NO. 340█████-001

agree to provide us with satisfactory evidence of the required insurance upon our request. If you fail to obtain any of the required insurance and we obtain it for you, you agree to pay us the cost of that coverage plus any lender servicing fees and interest. You also acknowledge that such insurance shall cover our interests only and will not include any borrower liability coverage. You acknowledge that we are not required to maintain any insurance and we will not be liable to you if we terminate or modify any insurance coverage that we may arrange. You agree that we may sign, endorse and/or negotiate, on your behalf as attorney-in-fact for you, any instrument representing proceeds from any insurance policy claim covering the Equipment.

**13. Assignment.** You may not sell, transfer, assign or lease the Equipment or this Agreement without our advance written consent and payment to us of an assignment processing fee. You agree that we may sell or assign this Agreement without notice to you, and that our assignee shall have all of our rights under this Agreement. You agree that the rights of our assignee will not be subject to any claims, defenses or setoffs that you may have against us.

**14. Default and Remedies.** (a) You are in default if (1) you fail to pay any Payment when due; (2) you fail to comply with any requirement of this Agreement or any requirement of any other agreement with us and/or with Supplier, and/or with any requirement of any license agreement, system support agreement, mandatory maintenance agreement or installation agreement pertaining to the Equipment; (3) any warranty, representation or statement made or furnished to us by or on behalf of you in connection with any obligation or liability hereunder or to induce us to enter into this transaction is proven to have been false, in any material respect when made or furnished; (4) the entry of any material judgment against, or the assessment and/or filing of any tax lien against, or the issuance of any writ of garnishment or attachment against you or any of your property; (5) your death, incompetency, dissolution, termination of existence, change of controlling ownership, insolvency, or business failure or cessation of your business; (6) the appointment of a receiver of or the assignment for the benefit of creditors for all or any part your property, the commencement of bankruptcy or insolvency proceedings under any law by or against you or any guarantor of your obligations hereunder; and/or (7) our reasonable and written determination, in good faith, that the prospect of payment or other performance by you is materially impaired. (b) Upon such default, we may, at our option, do one or more of the following: (1) require you to immediately pay the remaining amounts due under this Agreement including but not limited to the balance of unpaid Payments; (2) terminate this Agreement and/or any other agreements we have entered into with you; (3) require you to immediately stop using the Equipment and return the Equipment to us in good condition; (4) peacefully enter onto your premises and take possession of the Equipment without liability to you for trespass or damages; (5) deactivate the Equipment; and/or (6) use any other remedies available to us at law or in equity. You agree that any delay or failure by us to enforce our rights under this Agreement does not prevent us from enforcing any rights at a later time. You agree to promptly pay all of our costs required for the enforcement of this Agreement including reasonable attorney's fees and the costs of repossessing, storing, refurbishing and selling the Equipment.

**15. Security Interest.** In order to secure your obligations to us under this Agreement, you grant us a security interest in the Equipment, including all additions and substitutions. You agree that the Equipment will remain personal property regardless of its attachment to realty and you agree to keep the Equipment at an appropriate and safe location that is satisfactory to us. You agree to keep the Equipment clear of all liens and encumbrances except those provided for in this Agreement. You agree to use the Equipment only for commercial purposes and in a manner pertaining to its intended use and in compliance with applicable law.

**16. Miscellaneous.** You agree that this Agreement is the entire agreement you have with us pertaining to this Equipment and it cannot be changed except as agreed by you and us in writing. You agree, however, that we are authorized, without notice to you, to supply missing information or correct obvious errors in this Agreement. You agree that the Principal Amount and the Payment amount may be adjusted to reflect any change in the Equipment cost as a result of any Equipment change orders, add-ons, returns, errors or other similar events verbally agreed to by you. In the event of any such adjustment, we will furnish you a written notice thereof. You agree that a signed electronically transferred or faxed version of this Agreement shall be deemed to be of the same force and effect as an original of a manually signed Agreement. During the Financing Term and any renewal terms, you authorize us and our assigns to obtain credit bureau reports and make other credit inquiries that we determine are necessary. You agree to provide us with your updated financial statements upon our request until all of your obligations to us have been fulfilled. You hereby authorize any employee of yours to accept the Equipment and sign on your behalf an Acceptance Certificate that pertains to this Agreement. This Agreement is binding upon the successors and assigns of you and us. If there is more than one Borrower, your obligations shall be joint and several.

**17. Jury Waiver. EACH OF US IRREVOCABLY WAIVES ANY RIGHT TO A TRIAL BY JURY OF ANY CLAIM ARISING OUT OF OR RELATING TO THIS AGREEMENT OR THE TRANSACTIONS CONTEMPLATED HEREBY. IF THE FOREGOING WAIVER IS UNENFORCEABLE FOR ANY REASON, EACH OF US HEREBY CONSENTS TO THE ADJUDICATION OF ALL SUCH CLAIMS, PURSUANT TO JUDICIAL REFERENCE AS PROVIDED IN CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 638, AND THE JUDICIAL REFEREE SHALL BE EMPOWERED TO HEAR AND DETERMINE ALL ISSUES IN SUCH REFERENCE, WHETHER FACT OR LAW.**

YOU AGREE TO ALL OF THE TERMS AND CONDITIONS OF THIS AGREEMENT AND ON ANY ATTACHED SUPPLEMENTS AND EXHIBITS WHICH ARE PART OF THIS AGREEMENT. THIS IS A NON-CANCELLABLE AGREEMENT.

Dated: June 26, 2018

**LENDER:**
**CLAAS FINANCIAL SERVICES**
This Agreement shall not be binding on us until it has been accepted and executed by the Lender.

Signature: _____

Print Name: _____

Title: _____

Date: _____

475 Sansome Street, 19th Floor
San Francisco, CA 94111 | 866-657-1442

**DEBTOR:**
**WILKISON EQUIPMENT, LLC**
The undersigned affirms that he/she is a duly authorized corporate officer, partner or proprietor of the above-named Debtor.

Signature: *Wayne Wilkison*

Print Name: *Wayne Wilkison*

Title: *President*

Date: 6-27-18

Debtor Tax ID#: ██████ / 311 /

)                                              )

## EXHIBIT A
### TO EQUIPMENT FINANCING AGREEMENT NO. 340-█████-001 BETWEEN CLAAS FINANCIAL SERVICES ("LENDER") AND WILKISON EQUIPMENT, LLC ("DEBTOR")

**VENDOR:**
MIRTECH HARVEST CENTER, INC.
3402 WILLOW ROAD
JONESBORO, AR  72404

**EQUIPMENT LOCATION:**
1784 HWY 1
WYNNE, AR  72396

| EQUIPMENT DESCRIPTION | AMOUNT |
|---|---|
| NEW CLAAS LEXION 760TT SN: C7900573 | $523,514.00 |
| TRADE ALLOWANCE | -$311,710.03 |
| THIRD PARTY PAYOFF | $223,178.95 |
| DOCUMENTATION FEE | $250.00 |
| **EQUIPMENT DESCRIPTION** | **AMOUNT** |
| NEW CLAAS LEXION 760TT SN: C7900574 | $523,514.00 |
| TRADE ALLOWANCE | -$311,710.03 |
| THIRD PARTY PAYOFF | $223,178.94 |
| **EQUIPMENT DESCRIPTION** | **AMOUNT** |
| NEW MACDON FD75 SN: 332694-18 | $89,500.00 |
| TRADE ALLOWANCE | -$53,289.97 |
| THIRD PARTY PAYOFF | $38,154.69 |
| **EQUIPMENT DESCRIPTION** | **AMOUNT** |
| NEW MACDON FD75 SN: 325619-18 | $89,500.00 |
| TRADE ALLOWANCE | -$53,289.97 |
| THIRD PARTY PAYOFF | $38,154.69 |
| **TOTAL** | **$1,018,945.27** |

**ADDENDUM DATED JUNE 28, 2018 TO EQUIPMENT FINANCING AGREEMENT
NO. 340-████-001 ("AGREEMENT") BETWEEN CLAAS FINANCIAL
SERVICES ("LENDER") AND WILKISON EQUIPMENT, LLC ("DEBTOR")**

This addendum supplements and amends the Agreement referenced above between the undersigned Debtor and the undersigned Lender. To the extent any term or provision of this Addendum is inconsistent with the terms set forth in the Agreement, the terms of this Addendum shall control. All references herein to a Section shall refer to the numbered paragraphs of the Agreement.

Lender and Debtor agree as follows:

Payment terms has changed.

Changed FROM: (5) annual payments of $236,572.06 due each March, beginning March

2019. Changed TO: (5) annual payments of $239,940.65 due each June, beginning June 2019.

All other costs, terms, and conditions remain the same.

**Except as expressly modified herein, the Equipment Financing Agreement shall be and remain in full force and effect.**

| LENDER: | DEBTOR: |
|---|---|
| **CLAAS FINANCIAL SERVICES** | **WILKISON EQUIPMENT, LLC** |
| Signature: | Signature: |
| Print Name: | Print Name: _Wayne Wilkin_ |
| Title: | Title: _President_ |
| Date: | Date: _6-28-18_ |

**EXHIBIT B**

**Mark Martin**
**Arkansas Secretary of State**
Business and Commercial Services Division

Financing Statement - Initial

Date Filed:6/27/2018 12:38 PM          Page(s):1

Filing ID      :40000170971837
Document ID :10185743001

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS

A. NAME & PHONE OF CONTACT AT FILER (optional)
**LIEN SOLUTIONS (800)331-3282**

B. E-MAIL CONTACT AT FILER (optional)
**CLS-CTLS_GLENDALE_CUSTOMER_SERVICE@WOLTEI**

C. SEND ACKNOWLEDGMENT TO:   (Name and Address)

**104580**

**UCC DIRECT SERVICES**
**2929 ALLEN PARKWAY, SUITE 3300**
**HOUSTON, TX 77019**

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S NAME: Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME **WILKISON EQUIPMENT, LLC** | | | |
|---|---|---|---|
| 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 1c. MAILING ADDRESS **1784 HWY 1** | CITY **WYNNE** | STATE **AR** / POSTAL CODE **72396** | COUNTRY **USA** |

2. DEBTOR'S NAME: Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Individual Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 2c. MAILING ADDRESS | CITY | STATE / POSTAL CODE | COUNTRY |

3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME **CLAAS FINANCIAL SERVICES LLC** | | | |
|---|---|---|---|
| 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 3c. MAILING ADDRESS **475 SANSOME STREET, 19TH FLOOR** | CITY **SAN FRANCISCO** | STATE **CA** / POSTAL CODE **94111** | COUNTRY **USA** |

4. COLLATERAL: This financing statement covers the following collateral:
**(2) NEW CLAAS LEXION 760TT SN: C7900573 AND SN: C7900574  (2)  NEW MACDON FD75 SN: 332697-18 AND SN: 325619-18 AND ALL RELATED AGRICULTURAL EQUIPMENT LEASED OR FINANCED FROM CLAAS FINANCIAL SERVICES, LLC INCLUDING, BUT NOT LIMITED TO THOSE ITEMS AND PROCEEDS THEREOF, SET FORTH IN THE AGREEMENT LISTED BELOW AND IN ANY AND ALL SUBSEQUENT ADDENDUMS AND SCHEDULES TO THE AGREEMENT.  AGREEMENT # 1974035**

5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions)   ☐ being administered by a Decedent's Personal Representative

6a. Check only if applicable and check only one box:
☐ Public-Finance Transaction   ☐ Manufactured-Home Transaction   ☐ A Debtor is a Transmitting Utility

6b. Check only if applicable and check only one box:
☐ Agricultural Lien   ☐ Non-UCC Filing

7. ALTERNATIVE DESIGNATION (if applicable): ☐ Lessee/Lessor   ☐ Consignee/Consignor   ☐ Seller/Buyer   ☐ Bailee/Bailor   ☐ Licensee/Licensor

8. OPTIONAL FILER REFERENCE DATA:
**AR-0-64839502**

FILING OFFICE COPY — UCC FINANCING STATEMENT (Form UCC1) (Rev. 04/20/11)

International Association of Commercial Administrators (IACA)

**EXHIBIT C**



CLAAS
FINANCIAL
SERVICES

## PERSONAL GUARANTY

**DEBTOR**                                             RE: EQUIPMENT FINANCING AGREEMENT NO.    4035
**WILKISON EQUIPMENT, LLC**
**1784 HWY 1**
**WYNNE, AR 72396**

This guaranty ("Guaranty") has been written in plain English. The words "Agreement" and "Debtor" herein refer to the equipment financing agreement and Debtor referenced above, respectively. The words "you" and "your" refer to the guarantors listed below. The words "we", "us" and "our" refer to the Lender, CLAAS Financial Services.

In consideration of us providing any present or future financing of any nature to the Debtor, including but not limited to entering into this Agreement, you unconditionally guaranty (jointly and severally if more than one) in favor of us, our successors and assigns, any and all indebtedness of Debtor to us, whether now existing or subsequently entered into, including but not limited to Debtor's performance of all of its obligations under this Agreement and all other agreements previously or subsequently entered into between us and Debtor. You promise to pay all of our expenses, including reasonable attorney's fees, incurred by us in connection with enforcing this Guaranty. You waive all notice of acceptance of this Guaranty and any demands and/or notices of any kind, including those of any action or non-action of Debtor, us or any other party. Without affecting your liability, you authorize us to renew, compromise, waive and/or alter our rights against Debtor and/or any leased or financed property. You waive all rights to seek repayment from Debtor in the event you must pay us under this Guaranty. You also agree that we have the right, at our option, to assign this Guaranty and/or any financing transaction between us and Debtor, including this Agreement, to any other party at any time.

You acknowledge that you have received a copy of the Agreement and understand its terms and conditions. You agree that upon any default of Debtor, we may, at our option, proceed directly and at once, without notice, against you to collect and recover the full amount you have guaranteed, or any portion of that amount, without proceeding against Debtor or any other person, and without exercising any other remedy available to us. This Guaranty shall be binding upon your heirs, executors, administrators and successors. You agree that any and all payments due from you under this Guaranty shall be payable to us in U.S. dollars at our offices listed in San Francisco, California, or at some other location that we may specify in writing.

You agree that this Guaranty shall be governed by the laws of the State of California. You agree that any litigation related to or arising from this Guaranty, shall be brought only in the City and County of San Francisco, California and you consent to personal jurisdiction in either state or federal court. You agree that this Guaranty is the entire agreement with us pertaining to your guaranty of the obligations described herein and it cannot be changed except with our advance written consent. You authorize us or our assignee to obtain credit bureau reports and financial statements regarding your personal credit until all of your obligations to us have been fulfilled. You agree that a faxed or electronically transferred version of the signed Agreement, Acceptance Certificate and Guaranty shall be deemed to be of the same force and effect as an original of a manually signed Agreement, Acceptance Certificate and Guaranty, respectively. You agree that any failure or delay by us to enforce our rights under this Guaranty does not prevent us from enforcing any rights at a later time.

**GUARANTOR: WAYNE WILKISON**                     **GUARANTOR: WENDY WILKISON**

Signature: _____               Signature: _____

Home Address: _1784 Hy 1 Wynne_                   Home Address: _1784 Hwy 1_
_72396 A_                                         _Wynne AR 72396_

Home Phone: _____                 Home Phone: _____

Cell Phone: _____                 Cell Phone: _____

Fax Number: _____                 Fax Number: _____

Social Security #: _____ _7438_                   Social Security #: _____ _8608_

Date: _6-27-18_                                    Date: _6/27/18_

## ADDENDUM TO PERSONAL GUARANTY

This addendum supplements and amends the Personal Guaranty signed by the undersigned. To the extent any term or provision of this Addendum is inconsistent with the terms set forth in the Personal Guaranty, the terms of the Addendum shall control.

The undersigned hereby state that no assets are held in trust.

Except as expressly modified herein, the Personal Guaranty shall be and remain in full force and effect.

GUARANTOR: WAYNE WILKISON

GUARANTOR: WENDY WILKISON

**LAX | VAUGHAN**
**FORTSON ROWE & THREET** P.A.
———————— ATTORNEYS & COUNSELORS ————————

Grant E. Fortson | Attorney
Direct Line 501.907.5443
gfortson@laxvaughan.com

11300 Cantrell Road, Suite 201
Little Rock, AR 72212
Telephone 501.376.6565
Facsimile 501.376.6666
www.laxvaughan.com

August 18, 2020

*Via Certified Mail No. 7020 0640 0000*
*1514 0284 - Return Receipt Requested*
*and First Class United States Mail*

Wilkison Equipment, LLC
1784 Highway 1
Wynne, AR 72396

*Via Certified Mail 7020 0640 0000*
*1514 0291 – Return Receipt Requested*
*and First Class United States Mail*

Ms. Wendy Wilkison
c/o Stephen L. Gershner
DAVIDSON LAW FIRM
P.O. Box 1300
Little Rock, AR 72203

Re:    **Equipment Financing Agreement No. 340-▮▮▮▮-001 dated June 26, 2018**
**between CLAAS Financial Services LLC and Wilkison Equipment, LLC**
**("Agreement No. 5-001")**

**Equipment Financing Agreement No. 340-▮▮▮▮-002 dated December 31,**
**2018 between CLAAS Financial Services LLC and Wilkison Equipment,**
**LLC  ("Agreement No. 5-002")**

**Personal Guaranties of Wendy Wilkison dated June 27, 2018 and December**
**21, 2018**

Dear Wilkison Equipment and Ms. Wilkison:

This firm represents CLAAS Financial Services LLC ("CFS") with regard to the above-referenced Equipment Financing Agreements (collectively, the "Agreements") and Guaranties between the CFS, Wilkison Equipment, LLC (the "Debtor") and Wendy Wilkison ("Guarantor"). The Indebtedness (as defined below) owed by the Debtor under the Agreements is secured by security interests in the equipment financed under each of the Agreements.  In addition, pursuant to the Guaranties, the Guarantor has personally guaranteed the Debtor's payment and performance under each of the Agreements.

The Debtor is currently in default of the terms and provisions of each of the Agreements by failing to pay certain payments in the amounts, and on the dates, due under the terms of Agreement No. 5-001.  Among other things, the Debtor has failed to timely make the payment due June 1, 2020 under Agreement No. 5-001, which failure is also a default under the terms of Agreement No. 5-002.  In addition, a receivership action has been commenced against the

**EXHIBIT E**

Wilkerson Equipment, LLC
August 18, 2020
Page 2

Debtor and the Debtor appears to be insolvent. Based on all of the foregoing, CFS has determined in its reasonable judgment that the prospect of payment or other performance by the Debtor is materially impaired.

Because of the Debtor's defaults under the Agreements, and pursuant to the remedies afforded to CFS under the Agreements, the Debtor and Guarantor are hereby notified that CFS has elected to accelerate the Indebtedness. **CFS hereby declares all amounts owing by Debtor under the Agreements (the "Indebtedness") immediately due and payable. Demand is hereby made that the Debtor and/or Guarantor pay the Indebtedness in full in immediately available funds within two (2) weeks from the date of this letter**.

The total amount of the Indebtedness due to CFS under the Agreements is $1,051,492.00, calculated as follows:

| Agreement | Principal Balance | Interest | Total Due |
|---|---|---|---|
| 340-███-001 | $119,415.76 | $7,184.95 | $ 126,600.71 |
| 340███002 | $843,050.00 | $81,841.29 | $ 924,891.29 |
| Total Due | | | $1,051,492.00 |

In addition, CFS is entitled to recover its costs and expenses, including attorneys' fees, incurred in connection with the collection of the Indebtedness.

CFS reserves all rights and remedies available under the Agreements and the Guaranties. This reservation of rights will continue notwithstanding its receipt, retention or application of payments in amounts insufficient to pay the Indebtedness in full. Such receipt, retention and application of any payments in amounts not sufficient to pay the Indebtedness in full shall not be, or be deemed to be, a waiver, release, forbearance, modification, alteration, or amendment of CFS's right to receive immediate payment, in immediately available funds, of all amounts due and payable to CFS under the Agreements and the Guaranties.

**This is an attempt to collect a debt and any information obtained may be used for that purpose. Lax, Vaughan, Fortson, Rowe & Threet, P.A., is acting as a debt collector on behalf of CFS in this matter.**

Cordially,

Grant E. Fortson

GEF


CLAAS
FINANCIAL
SERVICES

EQUIPMENT FINANCING AGREEMENT NO.    15-002

**DEBTOR:  WILKISON EQUIPMENT, LLC**
           1784 HWY 1
           WYNNE, AR 72396

**PHONE:**

**SUPPLIER:  MIRTECH HARVEST CENTER, INC.**
              3402 WILLOW ROAD
              JONESBORO, AR 72404

**PHONE:**    870-588-6056

**EQUIPMENT: See Exhibit A attached hereto**

**PAYMENT TERMS:**

| | |
|---|---|
| Principal Amount: | $843,050.00 |
| Commencement Date of Agreement: | _____ (To be filled in by us per Section 2 below) |
| Financing Term (number of months): | 60, plus any extension and renewal periods |
| Number of Payments due in advance: | 0 (First and Last 0) |
| Monthly  Payment Amount: | 5 annual payments with first two annual payments of $204,204.30 ($35,000 payment credit each payment) followed by three annual payments of $204,204.30 with final payment due January 2024. |
| Implicit Interest Rate: | 6.45% |

## TERMS AND CONDITIONS

This equipment financing agreement (the "Agreement") has been written in plain English. The words "you" and "your" herein refer to the Debtor listed above. The words "we", "us" and "our" refer to CLAAS Financial Services, LLC as Lender. All other capitalized terms used herein shall have the meaning ascribed to them as listed above.

**1. Purpose of Financing.** This transaction is entered into for the purpose of financing your purchase of certain equipment (and applicable software, if any) (the "Equipment") from the Supplier, as described on the attached Exhibit A. You hereby authorize Supplier to provide us with the invoice for the Equipment and you authorize us to pay Supplier's invoice upon your receipt of the Equipment. Our act of paying Supplier's invoice for the Equipment shall constitute the funding of this transaction under the terms of this Agreement.

**2. Term and Payment.** For value received, you promise to pay to us the Principal Amount listed above plus interest, to be paid in installments ("Payments") according to the Payment Terms shown above. Any payments shown above as required in advance shall be due before we fund this transaction. Subsequent payments shall become due on a consecutive payment period basis thereafter starting on the 1st day of each month after funding this transaction if funded on the 1st through the 14th day of the month or starting on the 15th day of each month if funded on the 15th through the 24th day of the month or starting on the 1st of the following month if funded on the 25th through the last day of each month. All Payments shall be applied first to interest and then to principal.

**3. Disclaimer of Warranties.** This Equipment and the Supplier of the Equipment have been selected by you based on your own judgment. By executing this Agreement, you request us to order the Equipment, arrange for its delivery to you and pay for the Equipment upon your receipt of it. You acknowledge that we do not manufacture, deliver or install the Equipment and we do not represent the Supplier(s) of the Equipment. **WE MAKE NO WARRANTIES, EXPRESS OR IMPLIED, INCLUDING THE MERCHANTABILITY AND PERFORMANCE OF THE EQUIPMENT OR THE EQUIPMENT'S FITNESS FOR A PARTICULAR PURPOSE OR ITS COMPLIANCE WITH APPLICABLE LAW. WE MAKE NO WARRANTY OF TITLE TO ANY SOFTWARE, SOFTWARE LICENSES AND/OR THE RIGHT TO USE ANY SOFTWARE.** You agree not to make any claim for any reason against us for consequential damages. You acknowledge you have been advised that you may have rights against the Supplier(s) and that you should contact each Supplier for a description of any such rights.

**4. Noncancellable Agreement.** This Agreement cannot be canceled and you agree that all of your obligations are absolute and unconditional.

**5. Governing Law.** You agree that this Agreement shall be governed by the laws of the State of California. You agree that any litigation, related to or arising from this Agreement, may be brought in the City and County of San Francisco, California and you consent to personal jurisdiction in either state or federal court.

**6. Agency.** You agree that no salesperson or representative of any manufacturer or Supplier is acting on behalf of us and/or can bind us in any way.

**7. Late Charges.** Time is of the essence. If any Payment or other amount due under this Agreement is not paid in full within 10 days after its due date, you agree to promptly pay a late charge of 5% of the past due amount, subject to a $25 minimum, for those amounts under 30 days past due, plus interest on any amounts over 30 days past due at the rate of 1.5% per month. However, you acknowledge that it is not your intent to pay and it is not our intent to charge any rate hereunder that exceeds the maximum allowed under law. Should any rate charged hereunder be found by court of competent jurisdiction to exceed such maximum, then in that event only, such rate will be reduced to the legally permitted maximum rate and any excessive charges or amounts paid by you, above what you would have paid as per the legally permitted maximum rate, will be applied as a credit to the remaining balance of your obligations to us.

**8. Equipment Maintenance.** You are responsible, at your expense, to maintain the Equipment in good working order. If any Equipment is damaged, missing or does not work satisfactorily for any reason, you agree to continue to pay all Payments when they become due.

**9. Indemnity.** You agree that we are not responsible for any losses or injuries caused by or relating to the Equipment. You agree to indemnify us for and, at our option and your expense, defend us against any claims, suits and actions, including negligence and strict liability, whenever made for losses or injuries, including court costs and legal expenses, related to the Equipment.

**10. Taxes and Fees.** You agree to pay when due, either directly or to us upon our demand, any taxes, filing fees, license fees, interest and penalties relating to this Agreement and the Equipment. If we pay any of these amounts you agree to reimburse us upon demand and pay to us a service charge. You agree to pay to us a documentation fee to cover our costs of preparing this Agreement. You shall pay to us a fee for every check or other form of payment that is returned to us as unpaid by your bank.

**11. Risk of Loss.** You are responsible for any loss or damage to the Equipment and/or caused by the Equipment. You agree to immediately notify us of any such losses or damages and of any insurance claims pertaining to the Equipment. If the Equipment is missing, stolen or damaged, you will, at our option and at your expense, promptly repair the Equipment to our satisfaction, replace the Equipment with equipment of equal purpose and value or pay to us any default remedies described under Section 14 in this Agreement.

**EXHIBIT F**

**12. Insurance.** At your expense you agree to keep the Equipment fully insured against loss until your obligations under this Agreement are paid in full, with Lender named as loss payee. You also agree to obtain a public liability insurance policy that is acceptable to us and to include us as an insured on that policy. You agree to provide us with satisfactory evidence of the required insurance upon our request. If you fail to obtain any of the required insurance and we obtain it for you, you agree to pay us the cost of that coverage plus any lender servicing fees and interest. You also acknowledge that such insurance shall cover our interests only and will not include any borrower liability coverage. You acknowledge that we are not required to maintain any insurance and we will not be liable to you if we terminate or modify any insurance coverage that we may arrange. You agree that we may sign, endorse and/or negotiate, on your behalf as attorney-in-fact for you, any instrument representing proceeds from any insurance policy claim covering the Equipment.

**13. Assignment.** You may not sell, transfer, assign or lease the Equipment or this Agreement without our advance written consent and payment to us of an assignment processing fee. You agree that we may sell or assign this Agreement without notice to you, and that our assignee shall have all of our rights under this Agreement. You agree that the rights of our assignee will not be subject to any claims, defenses or setoffs that you may have against us.

**14. Default and Remedies.** (a) You are in default if (1) you fail to pay any Payment when due; (2) you fail to comply with any requirement of this Agreement or any requirement of any other agreement with us and/or with Supplier, and/or with any requirement of any license agreement, system support agreement, mandatory maintenance agreement or installation agreement pertaining to the Equipment; (3) any warranty, representation or statement made or furnished to us by or on behalf of you in connection with any obligation or liability hereunder or to induce us to enter into this transaction is proven to have been false, in any material respect when made or furnished; (4) the entry of any material judgment against, or the assessment and/or filing of any tax lien against, or the issuance of any writ of garnishment or attachment against you or any of your property; (5) your death, incompetency, dissolution, termination of existence, change of controlling ownership, insolvency, or business failure or cessation of your business; (6) the appointment of a receiver of or the assignment for the benefit of creditors for all or any part your property, the commencement of bankruptcy or insolvency proceedings under any law by or against you or any guarantor of your obligations hereunder; and/or (7) our reasonable and written determination, in good faith, that the prospect of payment or other performance by you is materially impaired. (b) Upon such default, we may, at our option, do one or more of the following: (1) require you to immediately pay the remaining amounts due under this Agreement including but not limited to the balance of unpaid Payments; (2) terminate this Agreement and/or any other agreements we have entered into with you; (3) require you to immediately stop using the Equipment and return the Equipment to us in good condition; (4) peacefully enter onto your premises and take possession of the Equipment without liability to you for trespass or damages; (5) deactivate the Equipment; and/or (6) use any other remedies available to us at law or in equity. You agree that any delay or failure by us to enforce our rights under this Agreement does not prevent us from enforcing any rights at a later time. You agree to promptly pay all of our costs required for the enforcement of this Agreement including reasonable attorney's fees and the costs of repossessing, storing, refurbishing and selling the Equipment.

**15. Security Interest.** In order to secure your obligations to us under this Agreement, you grant us a security interest in the Equipment, including all additions and substitutions. You agree that the Equipment will remain personal property regardless of its attachment to realty and you agree to keep the Equipment at an appropriate and safe location that is satisfactory to us. You agree to keep the Equipment clear of all liens and encumbrances except those provided for in this Agreement. You agree to use the Equipment only for commercial purposes and in a manner pertaining to its intended use and in compliance with applicable law.

**16. Miscellaneous.** You agree that this Agreement is the entire agreement you have with us pertaining to this Equipment and it cannot be changed except as agreed by you and us in writing. You agree, however, that we are authorized, without notice to you, to supply missing information or correct obvious errors in this Agreement. You agree that the Principal Amount and the Payment amount may be adjusted to reflect any change in the Equipment cost as a result of any Equipment change orders, add-ons, returns, errors or other similar events verbally agreed to by you. In the event of any such adjustment, we will furnish you a written notice thereof. You agree that a signed electronically transferred or faxed version of this Agreement shall be deemed to be of the same force and effect as an original of a manually signed Agreement. During the Financing Term and any renewal terms, you authorize us and our assigns to obtain credit bureau reports and make other credit inquiries that we determine are necessary. You agree to provide us with your updated financial statements upon our request until all of your obligations to us have been fulfilled. You hereby authorize any employee of yours to accept the Equipment and sign on your behalf an Acceptance Certificate that pertains to this Agreement. This Agreement is binding upon the successors and assigns of you and us. If there is more than one Borrower, your obligations shall be joint and several.

**17. Jury Waiver. EACH OF US IRREVOCABLY WAIVES ANY RIGHT TO A TRIAL BY JURY OF ANY CLAIM ARISING OUT OF OR RELATING TO THIS AGREEMENT OR THE TRANSACTIONS CONTEMPLATED HEREBY. IF THE FOREGOING WAIVER IS UNENFORCEABLE FOR ANY REASON, EACH OF US HEREBY CONSENTS TO THE ADJUDICATION OF ALL SUCH CLAIMS, PURSUANT TO JUDICIAL REFERENCE AS PROVIDED IN CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 638, AND THE JUDICIAL REFEREE SHALL BE EMPOWERED TO HEAR AND DETERMINE ALL ISSUES IN SUCH REFERENCE, WHETHER FACT OR LAW.**

YOU AGREE TO ALL OF THE TERMS AND CONDITIONS OF THIS AGREEMENT AND ON ANY ATTACHED SUPPLEMENTS AND EXHIBITS WHICH ARE PART OF THIS AGREEMENT. THIS IS A NON-CANCELLABLE AGREEMENT.

Dated: December 31, 2018

**LENDER:**
**CLAAS FINANCIAL SERVICES**

This Agreement shall not be binding on us until it has been accepted and executed by the Lender.

Signature:

Print Name: WAYME WILKISON

Title: 4-21-18

Date:

475 Sansome Street, 19th Floor
San Francisco, CA 94111 | 866-657-1442

**DEBTOR:**
**WILKISON EQUIPMENT, LLC**

The undersigned affirms that he/she is a duly authorized corporate officer, partner or proprietor of the above-named Debtor.

Signature: Wendy Wilkison

Print Name: Wendy Wilkison

Title:

Date: 1-21-18

Debtor Tax ID#: 1311

## EXHIBIT A
### TO EQUIPMENT FINANCING AGREEMENT NO.          5-002 BETWEEN CLAAS
### FINANCIAL SERVICES ("LENDER") AND WILKISON EQUIPMENT, LLC ("DEBTOR")

**VENDOR:**
MIRTECH HARVEST CENTER, INC.
3402 WILLOW ROAD
JONESBORO, AR  72404

**EQUIPMENT LOCATION:**
1784 HWY 1
WYNNE, AR  72396

| EQUIPMENT DESCRIPTION | AMOUNT |
|---|---|
| NEW 2018 LEXION 760TT COMBINE SN: C7900778 | $543,000.00 |
| TRADE IN | -$453,348.97 |
| TRADE UP | $458,203.12 |
| DOWN PAYMENT | -$118,547.96 |
| DOCUMENTATION FEE | $250.00 |

| EQUIPMENT DESCRIPTION | AMOUNT |
|---|---|
| NEW 2018 LEXION 760TT COMBINE SN: C7900781 | $523,000.00 |
| TRADE IN | -$436,651.03 |
| TRADE UP | $441,326.39 |
| DOWN PAYMENT | -$114,181.55 |

| | |
|---|---|
| **TOTAL** | **$843,050.00** |

**Mark Martin**
**Arkansas Secretary of State**
Business and Commercial Services Division

Financing Statement - Initial

**UCC FINANCING STATEMENT**
FOLLOW INSTRUCTIONS

Date Filed:1/2/2019 2:55 PM          Page(s):1

Filing ID      :40000180317448
Document ID :10761077001

A. NAME & PHONE OF CONTACT AT FILER (optional)
LIEN SOLUTIONS 8003313282

B. E-MAIL CONTACT AT FILER (optional)
UCCFILINGRETURN@WOLTERSKLUWER.COM

C. SEND ACKNOWLEDGMENT TO:   (Name and Address)

┌ 104580

   UCC DIRECT SERVICES
   2929 ALLEN PARKWAY, SUITE 3300
   HOUSTON, TX 77019
                                                          ┘

**THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY**

1. DEBTOR'S NAME:  Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| WILKISON EQUIPMENT, LLC | | | |
| 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 1784 HWY 1 | WYNNE | AR | 72396 | USA |

2. DEBTOR'S NAME:  Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY):  Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| CLAAS FINANCIAL SERVICES LLC | | | |
| 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 475 SANSOME STREET, 19TH FLOOR | SAN FRANCISCO | CA | 94111 | USA |

4. COLLATERAL:  This financing statement covers the following collateral:
**(2) NEW 2018 LEXION 760TT COMBINES SN: C7900781 AND SN: C7900788 AND ALL RELATED AGRICULTURE EQUIPMENT LEASED OR FINANCED FROM CLAAS FINANCIAL SERVICES, LLC INCLUDING, BUT NOT LIMITED TO THOSE ITEMS AND PROCEEDS THEREOF, SET FORTH IN THE AGREEMENT LISTED BELOW AND IN ANY AND ALL SUBSEQUENT ADDENDUMS AND SCHEDULES TO THE AGREEMENT.  AGREEMENT # 1974035**

5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions) ☐ being administered by a Decedent's Personal Representative

6a. Check only if applicable and check only one box:
☐ Public-Finance Transaction  ☐ Manufactured-Home Transaction  ☐ A Debtor is a Transmitting Utility

6b. Check only if applicable and check only one box:
☐ Agricultural Lien  ☐ Non-UCC Filing

7. ALTERNATIVE DESIGNATION (if applicable): ☐ Lessee/Lessor  ☐ Consignee/Consignor  ☐ Seller/Buyer  ☐ Bailee/Bailor  ☐ Licensee/Licensor

8. OPTIONAL FILER REFERENCE DATA:
20190102145147029

FILING OFFICE COPY — UCC FINANCING STATEMENT (Form UCC1) (Rev. 04/20/11)

International Association of Commercial Administrators (IACA)

**EXHIBIT G**


CLAAS
FINANCIAL
SERVICES

## PERSONAL GUARANTY

**DEBTOR**                                                      **RE: EQUIPMENT FINANCING AGREEMENT NO.    4035**
**WILKISON EQUIPMENT, LLC**
**1784 HWY 1**
**WYNNE, AR 72396**

This guaranty ("Guaranty") has been written in plain English. The words "Agreement" and "Debtor" herein refer to the equipment financing agreement and Debtor referenced above, respectively. The words "you" and "your" refer to the guarantors listed below. The words "we", "us" and "our" refer to the Lender, CLAAS Financial Services.

In consideration of us providing any present or future financing of any nature to the Debtor, including but not limited to entering into this Agreement, you unconditionally guaranty (jointly and severally if more than one) in favor of us, our successors and assigns, any and all indebtedness of Debtor to us, whether now existing or subsequently entered into, including but not limited to Debtor's performance of all of its obligations under this Agreement and all other agreements previously or subsequently entered into between us and Debtor. You promise to pay all of our expenses, including reasonable attorney's fees, incurred by us in connection with enforcing this Guaranty. You waive all notice of acceptance of this Guaranty and any demands and/or notices of any kind, including those of any action or non-action of Debtor, us or any other party. Without affecting your liability, you authorize us to renew, compromise, waive and/or alter our rights against Debtor and/or any leased or financed property. You waive all rights to seek repayment from Debtor in the event you must pay us under this Guaranty. You also agree that we have the right, at our option, to assign this Guaranty and/or any financing transaction between us and Debtor, including this Agreement, to any other party at any time.

You acknowledge that you have received a copy of the Agreement and understand its terms and conditions. You agree that upon any default of Debtor, we may, at our option, proceed directly and at once, without notice, against you to collect and recover the full amount you have guaranteed, or any portion of that amount, without proceeding against Debtor or any other person, and without exercising any other remedy available to us. This Guaranty shall be binding upon your heirs, executors, administrators and successors. You agree that any and all payments due from you under this Guaranty shall be payable to us in U.S. dollars at our offices listed in San Francisco, California, or at some other location that we may specify in writing.

You agree that this Guaranty shall be governed by the laws of the State of California. You agree that any litigation related to or arising from this Guaranty, shall be brought only in the City and County of San Francisco, California and you consent to personal jurisdiction in either state or federal court. You agree that this Guaranty is the entire agreement with us pertaining to your guaranty of the obligations described herein and it cannot be changed except with our advance written consent. You authorize us or our assignee to obtain credit bureau reports and financial statements regarding your personal credit until all of your obligations to us have been fulfilled. You agree that a faxed or electronically transferred version of the signed Agreement, Acceptance Certificate and Guaranty shall be deemed to be of the same force and effect as an original of a manually signed Agreement, Acceptance Certificate and Guaranty, respectively. You agree that any failure or delay by us to enforce our rights under this Guaranty does not prevent us from enforcing any rights at a later time.

**GUARANTOR: WENDY WILKISON**                          **GUARANTOR: WAYNE WILKISON**

Signature: _____               Signature: _____

Home Address: _____ 1798 MLK _____               Home Address: _____ 1798 MLK _____
                                                                    Wynne Ar 72396

Home Phone: _____               Home Phone: _____

Cell Phone: _____               Cell Phone: _____

Fax Number: _____               Fax Number: _____

Social Security #: _____ -8608.                  Social Security #: _____ -9438

Date: ____ 12/21/18 _____               Date: ____ 12/21/18 _____

## EXHIBIT H